**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

QUILLER ANDERSON,

        Petitioner,

v.

BLAINE LAFLER,

        Respondent.
_____/

CASE NO. 06-CV-11945

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER
(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS;
(2) DENYING A CERTIFICATE OF APPEALABILITY; AND
(3) DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Quiller Anderson ("Petitioner"), a state prisoner confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in violation of his constitutional rights. In 2003, Petitioner pleaded *nolo contendere* to armed robbery, assault with intent to rob while armed, assault with intent to do great bodily harm less than murder, six counts of first-degree criminal sexual conduct, first-degree home invasion, conspiracy to commit first-degree home invasion, and ten counts of possession of a firearm during the commission of a felony in the Oakland County Circuit Court. He was sentenced as a third habitual offender to concurrent terms of 20 to 50 years imprisonment on the armed robbery, assault with intent to rob while armed, and criminal sexual conduct convictions, a concurrent term of 10 to 20 years on the assault with intent to do great bodily harm conviction, and concurrent terms of 15 to 40 years imprisonment on the home invasion convictions to be served consecutively to 10 concurrent terms of two years imprisonment on the felony firearm convictions.

In his pleadings, Petitioner challenges his sentence. For the reasons stated below, the

1

Court DENIES the petition for writ of habeas corpus, DENIES a certificate of appealability; and DENIES leave to proceed on appeal *in forma pauperis*.

**I.    FACTS**

Petitioner's convictions arise from the home invasion, armed robbery, and assaults upon a couple and their two-year-old son at a home in Pontiac, Michigan. On November 25, 2002, Petitioner, armed with a shotgun, and his accomplices kicked in the door of the home looking for narcotics. During the incident, Petitioner and his accomplices beat the man with the shotgun and forced the woman to engage in fellatio, as well as vaginal and anal intercourse.

Petitioner pleaded *nolo contendere* to the 21 felonies set forth above on September 10, 2003. The parties relied upon the police report to provide the factual basis for the plea. *See* 9/10/03 Plea Tr., pp. 11-12, 15. In exchange for the plea, the prosecution entered into a sentencing agreement with Petitioner in which his minimum sentence would not exceed 22 years imprisonment. At sentencing, Petitioner, through defense counsel, stated that the pre-sentence report was factually accurate and agreed to the guidelines as previously calculated by the parties, but argued for a minimum sentence of 20 years (18 years plus two years) imprisonment. *See* 10/7/03 Sent. Tr., p. 7. The trial court honored the sentencing agreement by imposing a minimum sentence of 22 years imprisonment (20 years plus two years) on the most serious offenses.

Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, asserting that the trial court abused its discretion by not individualizing his sentence. The court denied leave to appeal for lack of merit in the grounds presented. *See People v. Anderson*, No. 258169 (Mich. Ct. App. Nov. 5, 2004) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court asserting that the trial court abused its discretion by

basing the sentence on inaccurate information and by not individualizing the sentence. The Michigan Supreme Court denied leave to appeal in a standard order. *See People v. Anderson*, 472 Mich. 918 (2005).

Petitioner thereafter filed his federal habeas petition asserting the same sentencing claims raised in the Michigan appellate courts. Respondent has filed an answer to the petition contending that the claims should be denied as non-cognizable and/or for lack of merit.

## II. ANALYSIS

### A. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S.

12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see Bell*, 535 U.S. at 694. "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and

4

convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**B.     Discussion**

Petitioner asserts that he is entitled to habeas relief because the trial court relied upon inaccurate information at sentencing and failed to individualize his sentence. Petitioner claims that his sentence should have been lower than those of his co-defendants because he was less involved in the crimes and the trial court incorrectly scored Offense Variable 2 (use of a weapon) and Offense Variable 11 (two or more sexual assaults). Respondent contends that the claims are not cognizable upon habeas review and/or lack merit.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceed the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). To the extent that Petitioner asserts that his sentence is disproportionate under state law, he fails to state a claim for federal habeas relief. *See Austin v. Jackson*, 231 F.3d 298, 300 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). There is also no federal constitutional right to individualized sentencing. *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Furthermore, it is well-established that federal habeas relief does not lie for perceived errors of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner's challenge to the scoring of the offense variables is not cognizable on federal habeas review because it is basically a state law claim. *See Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). State courts are the final arbiters of state law, and the federal courts will not intervene in such matters. *See Oviedo v. Jago*, 809 F.2d

5

326, 328 (6th Cir. 1987). Habeas relief is not warranted on Petitioner's state law sentencing issues.

A sentence may violate due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (holding that a criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992).

Petitioner has made no such showing. The record reveals that the trial court considered the facts and circumstances of the crime, the police report, the pre-sentence report, and other permissible factors. Petitioner had an opportunity to contest the accuracy of the reports, the scoring of the guidelines, and other sentencing factors. Petitioner has not shown that the trial court relied upon materially false or inaccurate information in imposing sentence. The record reveals that Petitioner agreed that the police report provided a factual basis for his plea. Additionally, the trial court sentenced Petitioner within the agreed-upon guideline range and in accordance with the sentencing agreement. Habeas relief is not warranted on this claim.

Petitioner also cannot prevail on a claim that he is entitled to habeas relief because the trial court violated his rights under *Blakely v. Washington*, 543 U.S. 296, 303-05 (2004) (holding that a state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated Sixth Amendment right to trial by jury). *Blakely* does not apply to Michigan's intermediate

sentencing scheme. In Michigan, the maximum sentence is established by statute and cannot be varied by the sentencing judge; the judge's only discretion is in setting the minimum sentence. United States District Court in both the Eastern and Western Districts of Michigan have examined Michigan's indeterminate sentencing scheme and have found no possible Sixth Amendment violation. *See, e.g., Connor v. Romanowski*, No. 05-74074, 2007 WL 1345066 (E.D. Mich. May 4, 2007) (unpublished); *Mays v. Trombley*, No. 06-140043, 2006 WL 3104656, *3 (E.D. Mich. Oct.31, 2006) (unpublished); *McNall v. McKee*, No. 06-760, 2006 WL 3456677, *2 (W.D. Mich. Nov.30, 2006) (unpublished); *accord People v. Drohan*, 475 Mich. 140, 160-62 (2006). Moreover, any such claim is belied by the record. The parties agreed to rely upon the police reports to provide a factual basis for Petitioner's *nolo contendere* plea and agreed to the sentencing guidelines. Habeas relief is not warranted on this claim.

Lastly, the Court notes that Petitioner is not entitled to relief on any claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *Thomas*, 49 F.3d at 261.

Petitioner was sentenced as a third habitual offender to concurrent terms of 20 to 50

7

years imprisonment on the armed robbery, assault with intent to rob while armed, and criminal sexual conduct convictions, a concurrent term of 10 to 20 years on the assault with intent to do great bodily harm conviction, and concurrent terms of 15 to 40 years imprisonment on the home invasion convictions to be served consecutively to 10 concurrent terms of two years imprisonment on the felony firearm convictions. Those sentences honored the sentencing agreement, and were within the guideline range and statutory maximums. *See* Mich. Comp. Laws §§ 750.529, 750.89, 750.520b, 750.84, 750.110a(2), 750.227b, 769.11. The state trial court acted within its discretion in imposing Petitioner's sentence and there is no extreme disparity between Petitioner's crimes and sentence so as to offend the Eighth Amendment. Habeas relief is not warranted.

### III. CONCLUSION

Having reviewed the record, this Court finds that the state courts' denial of relief in this case is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The Court thus concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating

that . . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

Accordingly, the Court hereby:

(1) **DENIES WITH PREJUDICE** the petition for writ of habeas corpus;

(2) **DENIES** a certificate of appealability; and

(3) **DENIES** leave to proceed on appeal *in forma pauperis*.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 29, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 29, 2007.

s/Denise Goodine
Case Manager

9